UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYAN J. PARENT,

                Plaintiff,

    v.

ISLAND COUNTY SUPERIOR COURT, *et al.*,

                Defendant.

Case No.C19-575-TSZ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Bryan Parent has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.    DISCUSSION

On April 16, 2019, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. # 1-1 at 3.) Plaintiff alleged in his statement of claim only

REPORT AND RECOMMENDATION
PAGE - 1

"False Imprisonment" and he provided no supporting facts. (*See id*.) Plaintiff identified the Island County Superior Court and a number of individuals as Defendants in his complaint. (*Id*. at 1.) He requested damages. (*Id*. at 4.)

Because Plaintiff's complaint failed to state any viable claim for relief, the Court declined to serve the complaint but granted Plaintiff leave to file an amended complaint. (Dkt. # 5.) In its Order declining to serve the complaint, the Court set forth the standards Plaintiff would be required to meet in order to adequately state a claim for relief under § 1983, and explained that Plaintiff's pleading was deficient because it was devoid of any factual allegations making it impossible to discern how any of the named Defendants might have participated in the violation of Plaintiff's federally protected rights. (*Id*. at 3.) The Court also noted that Plaintiff failed to make clear in his pleading that the named Defendants were properly deemed state actors for purposes of § 1983. (*Id*.) Finally, the Court advised Plaintiff that if his intent was to challenge his current confinement, he would have to demonstrate that his conviction had been invalidated in some fashion. (*Id*.) Plaintiff was granted thirty days within which to file an amended complaint correcting these deficiencies. (*Id*.)

Plaintiff filed a timely amended complaint on May 6, 2019. (Dkt. # 6.) Plaintiff alleged therein that he was denied counsel on a bail jumping charge in violation of his right to a fair trial. (*Id*. at 3.) He also alleged that the Island County Superior Court improperly charged him with felony failure to register as a sex offender in 2006, resulting in his unlawful imprisonment. (*Id*.) Plaintiff claimed that Kitsap County did the same thing to him in 1999. (*Id*.) Plaintiff identified the Island County Superior Court and the Kitsap County Superior Court as Defendants in his

REPORT AND RECOMMENDATION
PAGE - 2

amended complaint and he requested restitution for what he appeared to claim were three and a half years of unlawful confinement. (*Id*.)

Upon review of Plaintiff's amended pleading, the Court concluded that it was also deficient, but in ways which Plaintiff may not be able to correct through amendment. Thus, on June 5, 2019, issued an Order directing Plaintiff to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state any claim upon which relief could be granted. (Dkt. # 7.) The Court explained in its Order to Show Cause that Plaintiff's claim that he was denied a fair trial on the bail jumping charge appeared to constitute a challenge to his current confinement, and that any such claim was likely barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), as Plaintiff made no showing in his amended pleading that the challenged conviction had been invalidated.[1] (*Id*. at 2-3.) The Court also noted that Plaintiff's claims relating to past charges of failing to register as a sex offender, even if cognizable under *Heck*, were likely barred by the statute of limitations.[2] (*Id*. at 3.)

On June 17, 2019, Plaintiff submitted what appears to be his response to the Order to Show Cause. (Dkt. # 8.) Plaintiff's response consists of a document from his state court criminal proceedings which it appears is intended to demonstrate that Plaintiff's right to a fair trial was

---

[1] In *Heck*, the Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

[2] For claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261 (1985). Thus, the applicable limitations period for Plaintiff's claims is three years. RCW 4.16.080(2). Plaintiff's claims pertaining to his failure to register charges appear to be based on conduct which occurred in 1999 and 2006, well over three years before Plaintiff filed the instant action.

REPORT AND RECOMMENDATION
PAGE - 3

violated on the bail jumping charge. However, Plaintiff offers no evidence that his conviction on that charge has been invalidated in any way, as he must under *Heck*, and he therefore fails to demonstrate that his fair trial claim is cognizable in this action. Plaintiff's response does not address any of the other deficiencies noted in the Court's Order to Show Cause.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable claim for relief. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 8th day of July, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4